FILED
United States Court of Appeals
Tenth Circuit

June 13, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ANTOINE J. WALLACE,

      Defendant - Appellant.

No. 12-1413
(D.C. No. 1:11-CR-00058-CMA-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

In June 2012, a jury convicted Appellant Antoine Wallace of charges stemming

from the assault of employees at the United States Penitentiary in Florence, Colorado.

Mr. Wallace represented himself at trial. He now challenges his conviction, arguing that

the trial court violated his Sixth Amendment rights because it did not end his self-

---

[*]After examining Appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

representation and instruct standby counsel to represent him. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.    BACKGROUND

In February 2011, Mr. Wallace was charged with three counts of assaulting, resisting, opposing, impeding, intimidating, and interfering with employees of the Federal Bureau of Prisons in violation of 18 U.S.C. §§ 111(a)(1) and (b). He was initially appointed counsel but then requested to represent himself.

The trial court held a hearing to ensure that Mr. Wallace was capable of representing himself and understood the consequences of that decision. After advising Mr. Wallace at length of the dangers and limitations of self-representation, the court found that he knowingly, voluntarily, and intentionally waived his Sixth Amendment right to counsel. The court also ordered the appointment of standby counsel to assist Mr. Wallace at trial and in pretrial preparation.

On June 11, 2012, at the start of his two-day trial, Mr. Wallace informed the court that he was "waiving [his] appearance to be present during this mock trial." ROA, Vol. 3 at 80. Mr. Wallace repeatedly refused to allow standby counsel to represent him in his absence. The court advised Mr. Wallace that there would be "a serious detrimental impact if [he] refuse[d] to participate in the trial," but Mr. Wallace insisted on being absent. *Id.* at 81.

After questioning Mr. Wallace and informing him of the dangers of his decision, the court concluded that he knowingly, voluntarily, and intentionally waived his right to

be present at trial and to have standby counsel represent him. Mr. Wallace was placed in a nearby holding cell with an audio feed of the trial proceedings. The court instructed standby counsel to be seated in the back of the courtroom and to be "up to speed on what has been presented [at] trial" in the event that Mr. Wallace "change[d] his mind and . . . wishe[d] to proceed." *Id*. at 92.

Mr. Wallace did not participate and had no representation during the first day of trial. On the second day, he returned to the courtroom to cross-examine one of the Government's witnesses. He also testified in his own defense, made closing arguments, and moved for a mistrial.

The jury found Mr. Wallace guilty of all three counts. He was sentenced to 720 months in prison.

## II.  **DISCUSSION**

Mr. Wallace argues that he engaged in "obstructive conduct" and that the trial court should have "revoked [his] right to self-representation" and ordered standby counsel to "step in on [his] behalf." Aplt. Br. at 5. The court's failure to do so, he argues, violated his rights under the Sixth Amendment. We disagree.

The Sixth Amendment provides a criminal defendant with the right to assistance of counsel. U.S. Const. amend. VI. It also includes the corresponding right to self-representation, "provided only that [the defendant] knowingly and intelligently forgoes his right to counsel and that he is able and willing to abide by rules of procedure and courtroom protocol." *McKaskle v. Wiggins*, 465 U.S. 168, 173 (1984). Courts cannot

-3-

"thrust counsel upon the accused," *Faretta v. California*, 422 U.S. 806, 820 (1975), because the defendant "must be free personally to decide whether in his particular case counsel is to his advantage," *id.* at 834.

Nevertheless, "the trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct," and "a State may—even over objection by the accused—appoint a 'standby counsel' to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary." *Id.* at 834 n.46. Standby counsel may assist, over a defendant's objections, in "explain[ing] and enforc[ing] basic rules of courtroom protocol or . . . overcoming routine obstacles that stand in the way of the defendant's achievement of his own clearly indicated goals." *McKaskle*, 465 U.S. at 184. But the right to self-representation is eroded if standby counsel is allowed, over the defendant's objection, "to make or substantially interfere with any significant tactical decisions, or to control the questioning of witnesses, or to speak *instead* of the defendant on any matter of importance." *Id.* at 178.

Mr. Wallace does not dispute that he knowingly and voluntarily waived his right to the assistance of counsel and elected to proceed pro se. Similarly, Mr. Wallace acknowledges that, when he announced his intention to be absent from trial, "[t]he trial judge . . . explained in detail the dangers Mr. Wallace faced having no one to represent him." Aplt. Br. at 4. It also is undisputed that Mr. Wallace repeatedly refused to allow standby counsel to represent him in his absence.

-4-

Nonetheless, he contends that the trial court had an affirmative duty to terminate his self-representation because of his obstructive conduct and that its failure to do so violated his rights under the Sixth Amendment. He notes that at times he disobeyed the trial court's orders to stop talking and engaged in occasional outbursts.[1]

Although the Supreme Court has said that a "trial judge *may* terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct," *Faretta*, 422 U.S. at 834 n.46 (emphasis added), it has not held that the Sixth Amendment *mandates* this outcome. Rather, the Court has instructed that trial courts should not force unwanted counsel upon defendants who knowingly and voluntarily assert the right to self-representation. *See id*. at 834; *see also McKaskle*, 465 U.S. at 178; *see also United States v. Boigegrain*, 155 F.3d 1181, 1185 (10th Cir. 1998) ("[A] lawyer cannot be forced upon a defendant who wishes to act as his own representative, even if self-representation would be detrimental to the defendant.").

Other courts have addressed similar Sixth Amendment claims. In *Clark v. Perez*, 510 F.3d 382 (2d Cir. 2008), the Second Circuit rejected a claim that a criminal defendant's Sixth Amendment rights were violated because the trial court did not revoke her pro se status or appoint standby counsel when she refused to participate in or attend trial. *Id.* at 396. That court held that no Sixth Amendment violation occurred because

---

[1] The record shows that Mr. Wallace did engage in occasional outbursts. The trial court dealt with these outbursts patiently by ordering recesses, excusing the jury, and ordering Mr. Wallace out of the courtroom temporarily to calm himself.

the defendant "knowingly and intelligently waived her right to counsel, unequivocally asserted her right to self-representation, made a conscious strategic choice to waive her right to be present in the courtroom as part of a *de facto* political protest defense, and was afforded the opportunity to return whenever she chose." *Id.*[2]

On habeas review, the Third Circuit suggested in dicta that when a pro se criminal defendant voluntarily refuses to participate at trial, the court should appoint counsel to represent the defendant. *See Thomas v. Carroll*, 581 F.3d 118, 126 (3d Cir. 2009). The pro se defendant in *Thomas* knowingly and voluntarily waived his right to counsel, was never given standby counsel, and later voluntarily waived his right to be present at trial. *Id.* at 119-122. Ultimately, the *Thomas* court denied habeas relief on the Sixth Amendment claim, but it stated, "If this appeal had come before us on a direct appeal from a federal court presented with a defendant who waived his right to counsel and then absented himself from the courtroom, we might hold differently." *Id.* at 127.

We conclude that Mr. Wallace's Sixth Amendment claim is weaker than the claims in *Clark* and *Thomas* and is thus unsuccessful. Mr. Wallace knowingly and voluntarily waived his right to counsel and elected to proceed pro se. Unlike the defendants in *Clark* and *Thomas*, he was appointed standby counsel in advance of trial.

---

[2] The Second Circuit has signaled that if a misbehaving pro se defendant is involuntarily removed from trial, standby counsel should be ordered to step in. *Davis v. Grant*, 532 F.3d 132, 141-45 (2d Cir. 2008) (denying habeas relief on Sixth Amendment claim, but indicating the result might have been different on direct appeal). Mr. Wallace was not involuntarily removed from trial.

At trial, Mr. Wallace knowingly and voluntarily waived his right to be present. When asked if standby counsel could represent him in his absence, Mr. Wallace repeatedly refused. Neither the *Clark* court nor the *Thomas* court was confronted with a defendant who explicitly refused to allow standby counsel to present a defense. This request placed the trial court in a difficult position, and its decision to allow Mr. Wallace to be absent but to participate at trial if he so pleased respected his Sixth Amendment right to self-representation.

Moreover, we do not agree with Mr. Wallace's assertion that he did not receive a fair trial as a result of the court's failure to revoke his pro se status and instruct standby counsel to represent him. *See* Aplt. Br. at 7 (arguing that, had the trial court ordered standby counsel to represent him, "Mr. Wallace's right to a fair trial would have been preserved"). In *Thomas*, the Third Circuit suggested that the defendant's trial might have been unfair because his absence resulted in a "complete breakdown of the adversarial process." 581 F.3d at 126. The Third Circuit contrasted the defendant's trial from the trial in *Clark*, where the defendant "participated in parts of the trial, including a lengthy closing statement to the jury," resulting in an "'intensely adversarial'" process." *Id.* (quoting *Clark*, 510 F.3d at 397).

Like the trial in *Clark*, Mr. Wallace's trial was adversarial despite his absence. He participated in parts of the trial, cross-examined a Government witness, gave a closing argument, and moved for a mistrial. We cannot say that the trial court's decision resulted in a "complete breakdown in the adversarial process." *Thomas*, 581 F.3d at 126.

The trial court honored Mr. Wallace's choices with regard to self-representation and standby counsel after determining those choices were made voluntarily and knowingly.  We see no Sixth Amendment violation.

### III.    **CONCLUSION**

For the foregoing reasons, we affirm.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge